IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MONROE FRAZIER                                                      PLAINTIFF

v.                                                 CAUSE NO. 1:12CV202 LG-JMR

LOCKHEED MARTIN
OPERATIONS SUPPORT, INC.                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Defendant's Motion [30] for Summary

Judgment in this age and race employment discrimination case.  The Plaintiff has

filed a response, and the Defendant has replied.  After due consideration of the

submissions and the relevant law, the Court finds no question of material fact for

the jury.  Accordingly, the Motion will be granted and Plaintiff's claims dismissed.

### FACTS AND PROCEDURAL HISTORY

Monroe Frazier, a 65-year-old African American male, alleges that Lockheed

Martin did not re-hire him as a senior electrical engineer when it began work on a

contract at the Stennis Space Center in April 2011.  He had worked for Lockheed

Martin at Stennis until it lost the government contract to Jacobs Technology in

2004.  Frazier worked for Jacobs until it lost the contract to Lockheed Martin in

2011.  Frazier alleges that Lockheed Martin gave him only one interview and no

explanation of why he was not hired.  He alleges that Lockheed Martin hired only

one African-American, and that "as such, Defendant has unlawfully discriminated

against Plaintiff because of his race" in violation of Title VII  (Compl. 2,3, ECF No.

1-2).  Frazier also alleges that Lockheed Martin chose to not hire him because of his

age, in violation of the Age Discrimination in Employment Act.  (*Id*. at 4).

Frazier filed a charge of race and age discrimination with the Louisiana Commission on Human Rights and the EEOC.  (Compl. Ex. A, ECF No. 1-2).  The EEOC issued a right to sue letter after 180 days indicating that it was terminating its processing of his charge.  (Compl. Ex. B, ECF No. 1-2).  This lawsuit followed.

Lockheed Martin requests summary judgment as to both claims of discrimination.  In regard to the ADEA claim, Lockheed Martin argues that Frazier cannot establish a prima facie case because he cannot show he was replaced by a significantly younger person.  Even assuming Frazier can establish a prima facie age case, Lockheed Martin argues that Frazier cannot overcome its legitimate non-discriminatory reason for choosing other candidates.  In regard to the Title VII race discrimination claim, Lockheed Martin argues that Frazier cannot overcome its legitimate, non-discriminatory reason for hiring other candidates.

LEGAL STANDARD FOR EMPLOYMENT DISCRIMINATION CLAIMS

Title VII provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ."  42 U.S.C. § 2000e-2(a)(1).  "In the context of Title VII litigation, we recognize two types of discrimination claims: disparate treatment and disparate impact."  *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000).  "Disparate treatment refers to deliberate discrimination in the terms or conditions of employment, . . . on account of race, national origin, or gender."  *Id*.  Plaintiff's

claim here is one of disparate treatment.  Accordingly, "liability depends on whether the protected trait . . . actually motivated the employer's decision."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000).

Under the ADEA, it is unlawful for an employer to fail or refuse to hire any individual because of his age.  29 U.S.C. § 623(a)(1).  To establish an ADEA claim, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision."  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).  The ADEA does not authorize a mixed-motive age discrimination claim.  *Ligon v. LaHood*, 614 F.3d 150, 158 n.3 (5th Cir. 2010) (citing *Gross*, 557 U.S. at 175).

In order to help district courts analyze summary judgment motions in employment discrimination cases, the U.S. Supreme Court has established a burden-shifting scheme for evaluating claims relying on circumstantial evidence. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802-05 (1973); *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005).  The plaintiff must first demonstrate a prima facie case of discrimination.  If the plaintiff meets his burden, the defendant must rebut this case by producing a legitimate, nondiscriminatory reason for its actions.  If the defendant meets its burden, the presumption disappears, and the issue becomes discrimination *vel non.  See Reeves*, 530 U.S. at 142.  The plaintiff can establish disparate treatment by showing that the defendant's explanation for the employment action is a pretext for discrimination.  *Id.* at 143.  In other words, the plaintiff can meet his burden by showing that "the employer's proffered

-3-

explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450

U.S. 248, 256 (1981).  Still, the "ultimate burden of persuading the trier of fact that

the defendant intentionally discriminated against the plaintiff remains at all times

with the plaintiff." *Id.* at 253.

Because employment discrimination claims "involve nebulous questions of

motivation and intent," summary judgment is generally an inappropriate tool for

resolving these cases.  *Thornbrough v. Columbus & Greenville R.R.Co.*, 760 F.2d

633, 640-41 (5th Cir. 1985) (citations omitted).  However, if the plaintiff fails to

establish a *prima facie* case, or if defendant presents strong evidence of a

legitimate, nondiscriminatory reason for its actions, and the plaintiff is unable to

counter with additional evidence of pretext, summary judgment may be properly

granted.  *Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999); *Enplanar,*

*Inc. v. Marsh*, 11 F.3d 1284, 1295 (5th Cir. 1994).

DISCUSSION

Frazier provides deposition testimony and an affidavit in support of his

claims.  In his deposition, Frazier testified that when he worked for Jacobs

Engineering, he was responsible for a number of engineering functions within the

cryogenic transfer facility.  (Pl. Dep. 33-42, ECF No. 33-1).  He also acted as a senior

engineer in other areas when another engineer was out sick, and stood in

occasionally in test support operations.  (*Id.* at 42, 72, 170-71).  He testified that

when Jacobs lost the contract at Stennis, he applied with Lockheed Martin for the

positions of senior engineer, test engineer and electrical engineer.  (*Id.* at 127).  He

agreed that he was looking for positions that were in the cryogenic transfer facility area.  (*Id.* at 127-28).  The Lockheed Martin interviewer, Jerry Posey, did not inform him of what job duties he might be asked to perform if he were hired, but Frazier's assumption was that he would be primarily responsible for the cryogenic transfer facility area.  (*Id.* at 148-49).  Frazier had no indication from the interview process that Posey would discriminate against him based on age or race.  He stated that Posey "appeared to be an unbiased party, respectful of fellow engineers, receptive to ideas and information.  I was very comfortable talking with him and felt really satisfied when I left out of the interview."  (*Id.* at 153).

After the interview, Frazier became aware that the parameters of Lockheed's contract were changing.  (*Id.* at 155).  He later received an email from Lockheed Martin informing him of that fact and stating that as a result, it would not be able to employ all current incumbent personnel.  (*Id.* at 158-59).  He was never notified that he was not selected for a position.  (*Id.* at 159-60).

### 1.  *Plaintiff's Prima Facie ADEA Case*:

The elements of Frazier's *prima facie* ADEA case are (1) he belongs to a protected class; (2) he applied for and was qualified for a position that was seeking applicants; (3) he was rejected; and (4) following his rejection, another applicant substantially younger was hired, or he was otherwise passed over because of his age.  *See O'Connor v. Consol. Coin Caterers* Corp., 517 U.S. 308, 313 (1996); *Haas v. ADVO Sys., Inc.*, 168 F.3d 732, 733 (5th Cir. 1999).

The parties have no dispute concerning the first three elements.  However,

they disagree about whether Lockheed Martin chose significantly younger electrical engineers to fill the positions Frazier applied for, and even disagree about who the comparators should be.

Frazier testified and argues in his response that Jimmy Miles and Kristen Deardoff are the appropriate comparators because they were performing his job functions in the final days of the Jacobs contract - "it appeared as if they were assuming the role of system engineer in that area." (Pl. Dep. 175-76, ECF No. 33-1). He testified that he "absolutely" believes he was not offered a position so that Jimmy Miles, a friend of the manager, could be hired instead. He "heard that [Miles] was being made like the lead engineer. But this is gossip." (*Id*. at 177). Miles is 58 years old. (Def. Mot. Ex. B 3 (¶15), ECF No. 30-2). He heard from "[g]uys with coffee breaks in the break room" that Kristen Deardoff had been given a time frame within which to decide if she would accept a position as test engineer. (Pl. Dep. at 179). He agreed that ultimately, Deardoff was not employed by Lockheed Martin. (*Id*. at 176). Frazier also named a third person who he believed was performing some of his job functions, Billy Davis. He heard from people who had spoken to Davis that Davis was asked to support the cryogenic transfer facility as an electrical engineer. (*Id*. at 185-86). Davis is 46 years old. (Def. Mot. Ex. B 3 (¶17)). Frazier agreed that his old position with Jacobs no longer exists with Lockheed Martin. (Pl. Dep. at 196).

Lockheed Martin argues that two other electrical engineers, Alan Mayne and Richard Spooner, are the appropriate comparators, because their job duties with

Lockheed Martin encompass Frazier's duties when he worked for Jacobs.  Mayne provides electrical engineering support to the cryogenic transfer facility, in addition to two other areas.  (Def. Mot. Ex. C 3 (¶14)).  Mayne is 57 years old.  (Def. Mot. Ex. B 3 (¶13)).  Spooner provides electrical design and troubleshooting support to the cryogenic transfer facility. (Def. Mot. Ex. C 3 (¶13)).  He is 48 years old.  (Def. Mot. Ex. B 3 (¶14)).

According to Lockheed Martin's evidence, Jimmy Miles does not perform any engineering tasks in the cryogenic transfer facility.  (Def. Mot. Ex. C 4 (¶16), ECF No. 30-3).  He was hired as an electrical engineer in the high pressure industrial area, a separate area in which he had extensive experience.  (*Id*.).  Billy Davis is a mechanical engineer, not an electrical engineer, and therefore has fundamentally different qualifications from Frazier.  (Def. Mot. Ex. B 3-4 (¶17)).

From the admissible summary judgment evidence, it appears that Mayne, Spooner and Miles are the appropriate comparators.  Frazier does not contest that Mayne and Spooner perform his previous electrical engineering duties in the cryogenic transfer facility.  These men are therefore the closest comparators. Although Miles does not perform any of Frazier's former tasks in the cryogenic transfer facility, Frazier argues he is qualified to do Miles' work in the high pressure industrial water area, and applied for the position.  Lockheed Martin acknowledges that Frazier was considered for electrical engineering work in several areas.  Accordingly, the Court finds Miles a valid comparator.

In regard to Davis, Frazier offers only hearsay evidence to support his

assertions regarding Davis' duties and qualifications, which is insufficient to counter Lockheed Martin's affidavit evidence that Davis is a mechanical engineer. Finally, it is uncontroverted that Deardorff was not hired. She therefore cannot be a comparator. The offer/rejection process simply left an open position, which Lockheed Martin could have offered to Frazier. It instead hired another engineer.[1]

Having identified the appropriate comparators, the next step is to determine whether the comparators are outside of Frazier's protected class or "significantly younger." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 313 (5th Cir. 2004). In the *Rachid* case, the Fifth Circuit called the significance of a five-year age difference "a close question." *Id*. None of the comparators in this case are as close as five years from Frazier's age. The differences are seven, eight and 17 years. Spooner, who Lockheed Martin argues is a comparator, is 17 years younger than Frazier. That age difference is comfortably within the "significantly younger" age range. *See McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 462 n. 6 (5th Cir. 2005) (age difference of sixteen years). The Court therefore finds that Frazier has established all of the elements of a prima facie ADEA claim.

### 2. *Plaintiff's Prima Facie Race Discrimination Case*

Plaintiff must prove four elements to make out a prima facie claim for racial discrimination: (1) that he is a member of a protected class; (2) that he was qualified for the position; (3) that he suffered an adverse employment action; and (4)

---

[1] There is no evidence on this issue, but presumably the other engineer was Mayne, Spooner, or Miles.

was replaced by someone outside the protected class, or, in a disparate treatment case such as this one, that others similarly situated were treated more favorably. *Okoye v. Univ. of Tex. Houston Health Science Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). In this case, there is no dispute that Frazier has established the elements of a prima facie race discrimination claim.

### 3. Lockheed Martin's Legitimate, Nondiscriminatory Reasons

Lockheed Martin articulates its reasons for declining to hire Frazier as: 1) it would have no senior electrical engineer dedicated to the cryogenic transfer area; 2) it understood Frazier's experience to have been primarily in the cryogenic transfer area; and 3) other candidates were better suited to exercise the broad range of duties Lockheed Martin would require of electrical engineers. These are legitimate, nondiscriminatory reasons for not employing Frazier. *Patrick v. Ridge*, 394 F.3d 311, 318 (5th Cir. 2004) ("choosing some other candidate because he is the best-qualified individual for the job is generally a legitimate, non-discriminatory reason for an adverse employment decision."). Lockheed Martin states that it hired Mayne and Spooner because they had much broader engineering skills and experience than Frazier, and it hired Miles because of his extensive experience in the high pressure water area.

### 4. Evidence of Pretext

Frazier does not attempt to show that Lockheed Martin's reasons for hiring Mayne and Spooner are pretext for race or age discrimination. He does not address those two persons at all, preferring to focus on Deardorff and Miles.

For the reasons stated above, Deardorff is not a valid comparator, making it unnecessary to examine the evidence concerning her.  As to Miles, Frazier asserts that Lockheed Martin's reasons for hiring Miles instead of himself cannot be credited, because 1) he has more experience than Miles; 2) he received training in the high pressure industrial water area, the area for which Miles was hired to perform electrical engineering services; and 3) Miles was unqualified because he did not have a four-year electrical engineering degree.

Lockheed Martin counters with evidence that Miles had an associate's degree and extensive experience, while Frazier had little experience in the high pressure industrial water area.  (Def. Mot. Ex. C 4 (¶16), ECF No. 30-3).  Lockheed Martin considered Miles to be more qualified for the position because of his experience. (*Id.*)  According to the interviewer, Miles' knowledge of the high pressure water area was critical because "the written processes were minimal" in that area.  (*Id.*, *see also* Def. Mot. Ex. B-4, ECF No. 30-2).

The fact that Frazier achieved a higher level of education and worked as an electrical engineer rather than a technician do not establish that he is clearly better qualified than Miles for the position.  *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 723 (5th Cir. 2002).  It is settled law that an employer has broad discretion to choose which type of experience it prefers when filling an open position.  *Goree v. Comm'n Lincoln Parish Det. Ctr.*, 437 F. App'x 329, 333 (5th Cir. 2011).  The Court is not to engage in second-guessing of an employer's business decisions, *id.*, and must require only that the decisions are "somewhere within the realm of reason."  *Deines*

*v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 282 (5th Cir. 1999). Frazier's burden is to show that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Deines*, 164 F.3d at 280-81.  Frazier has failed to meet that burden in this case.  Lockheed Martin's decision was "within the realm of reason" because it has shown that it valued Miles' set of skills in the high pressure industrial water area over Frazier's.

More fundamentally, Frazier points to no evidence to support his claims that he would have been hired but for his age, or that race played a part in the decision. He testified that he heard no age or race based comments from anyone with a supervisory role over him.  (Pl. Dep. 75, ECF No. 33-1).  As noted earlier, he also testified that the Lockheed Martin interviewer gave him no reason to believe the company would make decisions based on his age or race.  Lockheed Martin provided evidence that it hired 22 of Jacobs Engineering's 32 engineers.  Among those hired, six were in their 40's, seven were in their 50's, and one was above 70 years of age. (Def. Mot. Ex. B 6 (¶19), ECF No. 30-2).  Frazier was the only African-American senior electrical engineer.  There was one other African-American engineer, who Lockheed Martin hired as a manager.  (*Id*. at 7 (¶20); Pl. Dep. 143-44).

CONCLUSION

In the end, Frazier simply offers no evidence to substantiate his allegations of discrimination, and he cannot merely rely on his subjective belief that discrimination has occurred to demonstrate pretext.  *Price v. Marathon Cheese*

-11-

*Corp.,* 119 F.3d 330, 337 (5th Cir. 1997).  Careful review of all the summary

judgment evidence presented, viewed in the light most favorable to Frazier, leads

the Court to conclude that there is no legitimate fact issue as to discriminatory

intent with respect to Frazier's claims.  Accordingly, Lockheed Martin is entitled to

summary judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's

Motion [30] for Summary Judgment is **GRANTED**.  Plaintiff's claims are

**DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 13th day of June, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-12-